UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 5, 2013

LETTER TO COUNSEL:

      RE:    *Nuton St. Aubyn Blake v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-3040

Dear Counsel:

      On October 15, 2012, the Plaintiff, Nuton St. Aubyn Blake, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the Commissioner's motion for summary judgment (ECF No. 15). Mr. Blake, who appears *pro se*, has not filed a motion for summary judgment or an opposition to the Commissioner's motion, but did submit a letter with his complaint. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion. This letter explains my rationale.

      Mr. Blake filed his claim on May 27, 2009, alleging disability beginning on April 27, 2001. (Tr. 125-26). His claim was denied initially on September 3, 2009, and on reconsideration on January 15, 2010. (Tr. 55-58, 60-61). A hearing was held on January 18, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 6-32). Following the hearing, on February 4, 2011, the ALJ determined that Mr. Blake was not disabled during the relevant time frame. (Tr. 35-52). The Appeals Council denied Mr. Blake's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      Mr. Blake's date last insured is December 31, 2006, so he had to prove disability on or before that date. (Tr. 127). The ALJ found that during the relevant time period, Mr. Blake suffered from the severe impairments of osteoarthritis in his knees and back, status post multiple knee operations, and obesity. (Tr. 40). Despite these impairments, the ALJ determined that through December 31, 2006, Mr. Blake retained the residual functional capacity ("RFC") to "perform simple, routine in nature, light work as defined in 20 CFR 404.1567(b) except that [he] must be provided with a sit/stand option." (Tr. 41). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Blake could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 47-48).

Mr. Blake, who appears *pro se*, has not filed a motion in support of his appeal. In the letter he submitted with his complaint, he reviewed his medical history and his work performance as a licensed journeyman plumber. I have carefully reviewed the ALJ's opinion and the entire record. For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ's sequential evaluation appears to address, at step two, each of the impairments Mr. Blake suffered during the relevant time frame.[1] Specifically, Mr. Blake suffered from pain in his knees and back and had already undergone multiple knee operations. Moreover, he was obese during the relevant time frame. The ALJ cited to the medical exhibits supporting his evaluation of Mr. Blake's severe impairments. (Tr. 40). He also thoroughly evaluated Mr. Blake's sleep apnea, which he found to be non-severe. (Tr. 41). After finding at least one severe impairment, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Mr. Blake's ability to work. *See* 20 C.F.R. § 404.1523. Accordingly, I find no basis for remand.

At step three, the ALJ determined that Mr. Blake's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 41). The ALJ noted that Mr. Blake's representative did not contend that a listing had been met or equaled, and that no treating or examining physician had suggested that any listing had been met. *Id.* I concur with that assessment.

At step four, the ALJ provided a detailed summary of Mr. Blake's testimony and the information about his activities of daily living (ADLs). (Tr. 42). The ALJ provided support for his negative credibility assessment, citing "the objective clinical findings, the conservative course of treatment, and the claimant's activities of daily living." (Tr. 43). The ALJ included a detailed summary of the medical evidence of record from the alleged onset date, April 27, 2001, through the date last insured, December 31, 2006. (Tr. 43-45). Specifically, the ALJ reported the results of X-rays prior to and following a series of knee surgeries. *Id.* On November 7, 2003, the claimant was deemed ready to return to light-duty work status, and he began a work hardening program in January, 2004. (Tr. 44). His last reported x-rays, in August, 2004, had limited findings. (Tr. 45). The ALJ further summarized the opinion evidence from the reviewing and treating physicians. (Tr. 45-46). Specifically, the ALJ noted that in 2004, Mr. Blake's treating physician had indicated that he would be able to perform certain work activities, although he would be unable to work as a plumber. (Tr. 45). Also in 2004, a PA-C who had treated Mr. Blake opined that he would be able to work in the same trade, albeit in a less physical capacity. (Tr. 45-46). The ALJ properly assigned no weight to an opinion from another treating physician, Dr. Hsu, because the dates considered in that opinion post-dated Mr. Blake's date last

---

[1] Mr. Blake's letter refers to a right elbow injury sustained in 2008, which causes him ongoing pain. (ECF No. 1). Because that injury occurred after his date last insured of December 31, 2006, it is not relevant to the consideration of his application for disability insurance benefits.

insured. (Tr. 46). My review of the ALJ's decision is limited to whether substantial evidence supports the decision and whether correct legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971). I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, substantial evidence supports the RFC determined by the ALJ.

The ALJ also appropriately completed step five of the sequential evaluation. The ALJ heard testimony from the VE regarding the ability of a person with Mr. Blake's RFC to perform work. (Tr. 27-28). The VE responded by identifying several positions including assembler, packer, and inspector/tester. (Tr. 28). The VE testified regarding the availability of a sit/stand option for the identified jobs. (Tr. 28-29). The ALJ credited that testimony. (Tr. 47-48). The ALJ's step five determination, therefore, was supported by substantial evidence.

For the reasons set forth herein, the Commissioner's motion for summary judgment (ECF No. 15) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge